# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-1125V**
**Filed: March 9, 2016**
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
ELLYSON OSTROVSKY, *

Petitioner, *

SECRETARY OF HEALTH AND HUMAN SERVICES, *

Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ruling on Entitlement; Concession; Influenza ("Flu") Vaccine; Shoulder Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU")

*John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for petitioner.*
*Michael P. Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On October 5, 2015, Ellyson Ostrovsky ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving a seasonal influenza ("flu") vaccination on October 18, 2012. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On March 7, 2016, respondent filed her Rule 4(c) Report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent stated that a preponderance of the evidence establishes that petitioner's injury is consistent with SIRVA, and that it was caused-in-fact by the flu vaccine she received on October 18, 2012. *Id.* at 4. Respondent further stated that she

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

did not identify any other causes for petitioner's SIRVA, and that the records show petitioner has suffered the sequela of this injury for more than six months. *Id.* Respondent therefore agrees with petitioner that compensation should be awarded under the Vaccine Act. *Id.* at 4-5.

**In view of respondent's concession and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master