# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1125V
Filed: April 22, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ELLYSON OSTROVSKY, | * |
| Petitioner, | * Damages Decision Based on Proffer; |
| v. | * Influenza ("Flu") Vaccine; Shoulder |
| SECRETARY OF HEALTH | * Shoulder Injury Related to Vaccine |
| AND HUMAN SERVICES, | * Administration ("SIRVA"); Special |
| Respondent. | * Processing Unit ("SPU") |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*John R. Howie, Jr., Howie Law, P.C., Dallas, TX,* for petitioner.
*Michael P. Milmoe, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On October 5, 2015, Ellyson Ostrovsky ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving a seasonal influenza ("flu") vaccination on October 18, 2012. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On March 9, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On April 22, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $50,422.27. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $50,422.27 in the form of a check payable to petitioner, Ellyson Ostrovsky.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ELLYSON OSTROVSKY, ) | |
| ) | |
| Petitioner, ) | No. 15-1125V |
| ) | Chief Special Master Dorsey |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Compensation for Vaccine Injury-Related Items**

On March 7, 2016, respondent filed a Rule 4(c) Report conceding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA").  Respondent proffers that, based on the evidence of record, petitioner should be awarded $50,422.27.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4).  Petitioner agrees.

**II.    Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the special master's decision and the Court's judgment award the following:[1]

   A.  A lump sum payment of $50,422.27 in the form of a check payable to petitioner, Ellyson Ostrovsky.  This amount accounts for all elements of compensation under 42 U.S.C.

---

[1] Should petitioner die prior to entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

§ 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BENJAMIN C. MIZER<br>Principal Deputy Assistant Attorney General |
|  | RUPA BHATTACHARYYA<br>Director<br>Torts Branch, Civil Division |
|  | VINCENT J. MATANOSKI<br>Deputy Director<br>Torts Branch, Civil Division |
|  | HEATHER L. PEARLMAN<br>Senior Trial Attorney<br>Torts Branch, Civil Division |
|  | */s/ Michael P. Milmoe*<br>MICHAEL P. MILMOE<br>Senior Trial Counsel<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, D.C.  20044-0146<br>Phone:   (202) 616-4125 |
| Dated:  April 22, 2016 | Fax:      (202) 616-4310 |